OPINION OF THE COURT
F. Warren Travers, S.
Andrew William Marks, also known as William Andrew Marks, died intestate, a resident of Rensselaer County, New York, on or about July 18, 1972, survived by a son, William Andrew Marks, then age 15, and Marit Carol Marks, then eight years of age, as his only distributees.
On January 4, 1979, letters of administration were granted to Florence A. Bird, sister of the decedent.
Thereafter, Florence A. Bird, as administratrix, entered into a contract to sell decedent’s real property, and on May 29, 1979, she executed a deed. A closing was scheduled for May 30, 1979, but Florence A. Bird, administratrix, died suddenly prior to the delivery of the deed to the prospective purchasers.
*116 The untimely death of the administratrix, grantor, prior to the delivery to the grantees, prevented the vesting of title in the grantees. (Real Property Law, § 244.)
Elizabeth Marriner and Ruth Gleason, nieces of said Florence A. Bird, but not related to Mr. Marks, applied for and were granted letters of administration in her estate in Columbia County, where the late Florence A. Bird was domiciled at the time of her death.
The administratrices of the late Florence A. Bird, hereinafter called petitioners, now make application in this court for letters of administration, d. b. n., in this estate. Petitioners allege that they should be appointed in order to execute a deed and to obtain the purchase price of $25,400. It is further alleged to the best of their "ability and knowledge” the purchase price is the sole asset of the estate. Petitioners also ask the court to dispense with service of process upon the two children of the late Mr. Marks, "whose whereabouts are unknown, all pursuant to Section 1003(4), S.C.P.A.”
The whereabouts of William Andrew Marks, now an adult, and Marit Carol Marks, an infant now over the age of 14 years, the only children of the decedent, Andrew William Marks, also known as William Andrew Marks, are still unknown.
Citation was issued by this court on July 10, 1979 directed to the chief fiscal officer of Rensselaer County. On the return day, the chief fiscal officer appeared and filed a cross petition requesting that he be appointed administrator, d. b. n., in this estate.
The law is clear (SCPA 1007, subd 1) that, where the office of administrator becomes vacant for any reason, the court may grant letters of administration d. b. n. to one or more eligible persons, and "the proceeding * * * shall be the same as upon an application for original letters of administration.”
The order of priority for granting letters of administration is set forth in SCPA 1001, and in the case now before the court, subdivision 8 of that section clearly states that the chief fiscal officer has priority when letters are not granted under the previous subdivisions, and where the appointment is not made by consent.
The court is mindful, also, of SCPA 1007 (subd 3) which permits the court to refuse to issue letters of administration *117 d. b. n., where distribution is possible under SCPA 2207. Both of these sections are discretionary, however.
In view of the necessity of conveying real property and having in mind that the whereabouts of the two distributees are unknown and that one is still an infant, and realizing that there may well be questions raised on the accounting, the court concludes that there should be an administrator, d. b. n., in this estate.
Accordingly, letters of administration, d. b. n., shall issue to the chief fiscal officer of Rensselaer County upon his qualifying.